IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DOROTHY LA'SHAY WALLACE,#209172,:

    Plaintiff, :

vs. : CIVIL ACTION 10-00544-CB-B

GLEN GARSIDE, *et al.*, :

    Defendants. :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint alleging violations of 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon careful consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted.

**I. Complaint. (Doc. 1).**

In Section III of the form complaint, Plaintiff names as Defendants Glenn Garside, a corporal with the City of Mobile

Police Department; Debbie McGowin, an attorney; and Nija Miles.[1] (Doc. 1 at 5). Plaintiff lists October 3, 1999 as the date of the complained of incident, and indicates the she previously filed an unsuccessful lawsuit in state court against some of the same Defendants. (Id. at 3-4).

The allegations in Plaintiff's Complaint are extremely brief so they are set forth in their entirety: "State of Alabama gave no reply to request of documents thats entitle. Mobile Police perjure and gave false report as to the false report and questions stated on interview as to perjury. No DNA examination of body. False materials." (Id. at 4). The specific claim against Defendant Garside is as follows: "Improper examination of ca[s]e false report on inter[ro]gation interview e[tc]." (Id.). The supporting facts for this claim are: "City Streets Night Club Oct 3, 1999 parking lot." (Id.).

With respect to Defendant McGowin, Plaintiff alleges as follows: "ineffect[ive] service as to allowing illegal actions

---

[1] While Plaintiff lists Officer Bendall, Corporal Glen Garside, Debbie McGowin, Nija Miles, Mobile Police Department, State of Alabama and Corporal Thornton as Defendants in the case heading, her Complaint does not contain any allegations against Officer Bendall, Mobile Police Department, State of Alabama or Corporal Thorton. Moreover, the form complaint that Plaintiff utilized expressly advises that only those persons identified as Defendants in Section III of the complaint form will be considered by the Court to be Defendants to the action, and Plaintiff only listed three Defendants in that section, namely Debbie McGowin, Nija Miles and Glen Garside. (Doc. 1 at 1, D).

2

to be tak[en] and statements." (Id.).  Plaintiff also alleges that Defendant Nija Miles is liable for giving "false reports to law [e]nforcements under a a sworn statement." (Id.).

**II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis,* the Court is reviewing the Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).[2]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams*,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  Bilal, 251 F.3d at 1348-49.

3

557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (quotation marks and second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 566 U.S. at ___, 129 S.Ct. at 1949. When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's overruling of GJR Investments' heightened

4

pleading standard). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

After reviewing Plaintiff's Complaint (Doc. 1), and affording Plaintiff's allegations a liberal construction, the Court is unable to discern a cogent claim of constitutional magnitude from her allegations. To state a claim under § 1983, Plaintiff is required to establish a violation of a constitutional right. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981) (ruling that in order to state a claim under § 1983, a plaintiff must establish that "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). However, in this case, Plaintiff's allegations impart only a vague notion that Plaintiff believes that her rights were violated during criminal proceedings.

Rule 8(a)(2) requires that the complaint be "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED.R.CIV.P. 8(a)(2). Plaintiff's

5

Complaint is not plain because it fails to convey a complete thought. This type of deficient pleading places the Court in the position of trying to decipher what Plaintiff is attempting to allege from the fragmented and disjointed information she has provided. The undersigned however is unable to piece together a claim because the Complaint is devoid of factual information necessary to state a claim and the Court is prohibited from rewriting a "deficient pleading in order to sustain an action." GJR Investments, 132 F.3d at 1369.

While Rule 8 does not require "detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." Iqbal, 556 U.S. at ___, 129 S.Ct. at 1949. In other words, although a plaintiff is not required to provide numerous detailed factual allegations, she is obligated to provide some factual grounds showing a right to relief. This requires more than labels and conclusions or a narration of a cause of action's elements. Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65. The "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 555, 127 S.Ct. at 1965. A plaintiff must "nudge [his] claim[] across the line from conceivable to plausible." Id. at 570, 127 S.Ct. at 1974. Otherwise, "[a] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." Sinaltrainal v.

Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S.Ct. at 1950).

"A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at ___, 129 S.Ct. at 1949. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. at ___, 129 S.Ct. at 1950 (quoting FED.R.CIV.P. 8(a)(2)).

In the present action, Plaintiff filed her Complaint on October 6, 2010 for actions that allegedly occurred in October, 1999. (Doc. 1). Plaintiff has failed to prove factual information to support her conclusory statements so that her allegations could be placed in some context. Without this factual information, the Court only has before it conclusory allegations such as "false reports," "perjury," "false statements," "false materials," "improper examination," "false report," "ineffect[ive] service," and "illegal actions." While allegations supported by facts are to be considered as true in considering a motion to dismiss, conclusions lacking supporting facts or legal conclusions "are not entitled to the presumption of truth." 129 S.Ct. at 1949-50. It is from the factual

allegations that the Court "determine[s] whether they plausibly give rise to an entitlement to relief." Id. at 1950.

Plaintiff has only included a few allegations in her entire Complaint. As noted supra, the Court cannot consider Plaintiff's conclusory allegations which are unsupported by facts. The allegations remaining for the Court's consideration do not provide facts sufficient to establish a claim against Defendants and do not provide fair notice to Defendants. Thus, Plaintiff's allegations do not present a plausible claim upon which she is entitled to relief. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.

Even though the Complaint is due to be dismissed due to deficient pleading, the Complaint is problematic in several other respects, which are briefly noted below. In the Complaint, Plaintiff requests to be released and "cleared and relieved of her conviction." (Doc. 1 at 7). This type of relief, which is habeas relief, is not available to Plaintiff in a § 1983 action. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) ("[C]laims which challenge the validity of the claimant's conviction or sentence and seek release [] are simply not cognizable under § 1983"). Thus, the relief being sought by Plaintiff is not available in a habeas action. Id.

Plaintiff's damages claim is also problematic. Plaintiff indicates that she was convicted of murder on May 15, 2001 and

received a twenty-year sentence of imprisonment. (Id. at 6). She further indicates that a writ of habeas corpus was granted in regard to her conviction. (Id. at 7). However, an examination of this Court's docket reflects that Plaintiff's first habeas petition was denied as being barred by the statute of limitations. Wallace v. Ellington, CA 09-0232-WS-N (S.D. Ala. Jan. 14, 2010). Plaintiff has a second habeas petition currently pending before the Court. To prevail, she will be required to establish that the second petition should not be barred as being successive. Wallace v. Ellington, CA 10-0545-WS-M (S.D. Ala) (Doc. 10). In view of the second petition, it does not appear that Plaintiff has been granted habeas corpus relief with respect to her 1999 conviction notwithstanding her assertion. Plaintiff also asserts that she received another conviction in 2001. (Doc. 1 at 6). Plaintiff has provided few facts regarding the 2001 conviction, and does not assert that this conviction has been invalidated. Because Plaintiff has not established that either conviction has been invalidated, to the extent that a favorable ruling on Plaintiff's damages claim would invalidate her convictions, her damages claim would not be ripe and she could not proceed with the claim until the convictions are invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372-73, 129 L.Ed.2d 383 (1994).

However, if a favorable ruling on a damages claim related to Plaintiff's 1999 or 2001 convictions would not have the effect of invalidating the convictions, her damages claim would nevertheless be barred by the two-year statute of limitations for § 1983 claims. Heck, 512 U.S. at 487, 114 S.Ct. at 2372-73; see Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (ruling that the statute of limitations begins to run on a false arrest claim for damages at the time of the arrest pursuant to legal process); see also Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.)(the statute of limitations for a § 1983 action in Alabama is two years), cert. denied, 506 U.S. 917 (1992); Ala. Code § 6-2-38(l).

Finally, Plaintiff has not alleged nor set forth any facts which suggest that either Defendant Debbie McGowin, Plaintiff's attorney, or Defendant Nija Miles acted under color of state law, which is necessary for stating a claim under § 1983. Parratt v. Taylor, supra, 451 U.S. at 535, 101 S.Ct. at 1913. It would be difficult for Plaintiff to make this necessary showing because in a § 1983 action, court-appointed, criminal defense counsel ordinarily does not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 325, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). Further, when a private citizen complains to the police or executes a sworn complaint that leads to an arrest, the private party is not transformed into a state

actor. Collins v. Womancare, 878 F.2d 1145, 155 (9th Cir. 1989).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

The instructions which follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

DONE this **22nd** day of **December, 2010.**

          _____/s/ SONJA F. BIVINS_____
          **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the

---

[3]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

12

original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.